UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONRAD RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4895** |
| **PARISH OF ORLEANS DISTRICT COURT, STATE OF LOUISIANA** | **SECTION "R"(4)** |

## ORDER AND REASONS

The petitioner, Conrad Richard, has filed a **Motion to Appoint Counsel (Rec. Doc. No. 9)** and a **Motion to Supplement (Rec. Doc. No. 10)** requesting that counsel be appointed to assist in this federal habeas corpus proceeding under 28 U.S.C. § 2254 and that he be allowed to supplement his petition with an exhibit from the Social Security Administration proceeding dated June 5, 2013. The record does not indicate that Richard served notice of the motions upon opposing counsel.

Under a broad reading, Richard filed the instant federal habeas petition challenging his current custody status based on a commitment following his 1998 conviction after a finding that he was not guilty and not guilty by reason of insanity. The respondent has not yet had the opportunity to file a response in opposition to the petition.

**I.     Appoint of Counsel**

Richard seeks appointment of counsel to assist him in the prosecution of this case. It is well settled that a petitioner has no right to appointment of counsel in a habeas proceeding. *See*

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Such a benefit is only required when the Court determines that an evidentiary hearing is to be held on a § 2254 petition. Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Based on the limited record before the Court and the allegations asserted, the record does not compel that an evidentiary hearing will be warranted in this case.

To that end, Richard's request is at best premature. The decision of whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). According to § 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claims raised rely on a new, retroactive rule of constitutional law that was previously unavailable (§ 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered by an exercise of due diligence (§ 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. (§ 2254(e)(2)(B)). An evidentiary hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). On the record before the Court at this time, Richard has not established that the record will be insufficient to resolve the claims raised.

The Court also has discretion to appoint counsel for an indigent petitioner pursuant to the Criminal Justice Act under 18 U.S.C. § 3006A, if doing so would advance the proper administration of justice. *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985) ("This court appoints counsel to

represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord*, *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this."). A review of Richard's petition does not reveal any complex legal issues which would warrant appointment of counsel. The Court does not find that the interests of justice dictate appointment of counsel at this time. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Richard's motion is denied.

## II.     Supplemental Exhibit

Richard's second motion seeks leave to file a copy of a directive from the Social Security Administration dated June 5, 2013, which he claims without cognizable explanation is relevant to his federal habeas petition.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.") In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by

counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957). Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

A review of the pending motion and the proposed exhibit reveals that Richard seeks to supplement his petition with a document from the Social Security Administration that is dated June 5, 2013. Richard presents no discernable substantive argument in support of the claims in his petition. He instead seeks to merely submit the exhibit, not a supplement or amendment to the petition itself.

As noted, the document was issued by the Social Security Administration on June 5, 2013, which is after completion of the state court proceedings on April 5, 2013, which form the basis of his federal habeas petition. *See State v. Richard*, 110 So.3d 1067 (La. 2013). This Court's habeas

review is directed to and limited by the record considered by the state courts in addressing Richard's claims.  *See Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400 (2011); *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).  In other words, this Court will not consider evidentiary materials like the exhibit submitted by Richard that was not already presented to the state courts for their review.  Thus, the Social Security Administration document not already a part of the state court record would not be properly before this Court.  Accordingly,

**IT IS ORDERED** that Richard's **Motion to Appoint Counsel (Rec. Doc. No. 9)** and a **Motion to Supplement (Rec. Doc. No. 10)** are **DENIED**.

New Orleans, Louisiana, this __6th__ day of August, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**